■ . In the Matter of BORDEN, INC., Appellant, v. LOCAL 50, AMERICAN BAKERY & CONFECTIONERY WORKERS UNION, AFL-CIO, Respondent.— Judgment, Supreme Court, New York County, entered on November 8, 1971, denying motion of petitioner to stay arbitration and directing parties to proceed to arbitration before an arbitrator designated by the New York State Mediation Board, unanimously affirmed. Respondent shall recover of appellant $30 costs and disbursements of this appeal. This submission presents the issue of whether a dispute between an employer and a labor union concerning the applicability of an agreement to employees of subsequently opened stores may proceed contemporaneously to arbitration before the courts of New York State and a Federal court, the latter having the question of the exclusivity of the National Labor Relations Board jurisdiction. Once again, there is raised the difficult question as to the proper relationship of the arbitral process of the National Labor Relations Board. (See 77 Yale L. J. 1191; 78 Harv. L. Rev. 282.) In the instant case, the union served a 10-day notice, pursuant to CPLR 7503, demanding arbitration, the employer instituted a CPLR article 75 proceeding to stay arbitration, and simultaneously, instituted a suit in the Federal courts wherein it seeks a judgment declaring that the dispute in issue is not subject to arbitration but a matter within the exclusive jurisdiction of the N.L.R.B. Special Term, we conclude, correctly held the agreement between the parties governed, and the matter should proceed to arbitration, regardless of the efforts of the employer to seek the declaration sought in the Federal court. This view is but in accord with Carey v. Westinghouse Corp. (375 U. S. 261). This latter holding (1964), although paying deference to the ultimate primacy of the NLRB, declined to stay an arbitration proceeding, even of the same issues, and even if the procedures be duplicative. As was said by the United States Supreme Court, per DOUGLAS, J., in Westinghouse (supra, p. 272): "By allowing the dispute to go to arbitration its fragmentation is avoided to a sub-

stantial extent; and those conciliatory measures which Congress deemed vital to 'industrial peace' [citation] and which may be dispositive of the entire dispute, are encouraged. *The superior authority of the Board may be invoked at any time. Meanwhile, the therapy of arbitration is brought to bear in a complicated and troubled area."* (Italics supplied.) Until the "moment of conflict" between the arbitral process and an NLRB determination arrives, by virtue of NLRB's invocation of its paramount authority by force of its pre-emption of the field of dispute, there can be no valid basis for granting the requested stay. (See *Matter of Meyers* [*Kinney Motors*], 32 A D 2d 266.) In the instant case, the request is premature. Thus, we affirm. Concur — Stevens, P. J., McGivern, Markewich, Nunez and Murphy, JJ.